IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MICHAEL MONTGOMERY, #412-797, SID #2405284 | * * * | |
| Plaintiff, | * * | |
| v | * * | Civil Action No.  ELH-15-2439 |
| WARDEN | * * | |
| Defendants. | * *** | |

**MEMORANDUM**

Plaintiff David Michael Montgomery has accumulated "three strikes" under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2012), and is barred from filing cases unless he pays the filing fee or demonstrates that he is in imminent danger of serious physical injury. *See Montgomery v. Animation Adventer's Computer Game Internet Ower, All Viewers, Civil Action* No. ELH-1772 (assigning Montgomery's third "strike" under 28 U.S.C. § 1915(g)).

On August 13, 2015, Montgomery submitted a six-page letter complaining that he was placed on suicide watch at Western Correctional Institution, evaluated by mental health providers, and will be sent to the Patuxent Institution for additional assessment based on "the game situation."[1] Montgomery complains that on the mental health tier, "you don't even get your

---

[1] Presumably, Montgomery is referring to his often presented claims that his idea for a video game was unlawfully expropriated by Animation Adventers.  This court has dismissed these claims for failure to state a claim or as frivolous. *See Montgomery v. Animation Adventer's, et al.*, Civil Action No. ELH-15-1533; *Montgomery v. Animation Adventer's et al*, Civil Action No. ELH-15-1772; *Montgomery v. Animation* Advents, Civil Action No. ELH-15-1884; *Montgomery v. Warden*, ELH-15-2029.  Montgomery insists his his videogame concerns are "real."  ECF 1 at 3.

one hour of rec[reation] and might not even get one shower when we should use the phone once a week….” ECF 1 at 2.[2]  Montgomery claims he has not received his legal materials, and just received hygiene products. *Id*.  Montgomery also indicates he is presently prescribed medications by doctors, but states he needs treatment in a federal institution or on the "outside." ECF 1 at 4, 5.

Of import here, Montgomery does not claim he has suffered any physical harm as a result of the matters alleged.  He does not claim he has missed any filing deadlines as a result of his purported lack of legal materials.[3]  Further, Montgomery's letter indicates he is being observed, evaluated, and treated for mental health concerns.

Montgomery states: "This is just a follow up how I been doing . . . and a Complaint but not a law suite [sic]." ECF 1 at 6.  In any event, to the extent Montgomery intends his correspondence to serve as a new complaint, he has neither paid the $400 filing fee, nor demonstrated that he is in imminent danger of physical injury, as is required under 28 U.S.C. § 1915(g). Thus, this case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). A separate Order shall follow.


September 21, 2015_              _____/s/_____
Date                              Ellen L. Hollander
                                  United States District Judge

---

[2]  It is unclear whether Montgomery is discussing his confinement at Western Correctional Institution or at Patuxent Institution or both facilities.

[3]  Montgomery was appointed counsel in *Montgomery v Conmed*, ELH-13-930, a case which is before this court and scheduled for trial.